Filed 12/13/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| RICARDO CAMPBELL, | B320590 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. 21STCP00003 |
| CAREER DEVELOPMENT INSTITUTE, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mitchell L. Beckloff, Judge. Vacated and remanded.

Kosnett Law Firm and James Victor Kosnett for Plaintiff and Appellant.

O'Hagan Meyer, Vickie V. Grasu and Angeli C. Aragon for Defendant and Respondent.

————————————

The Career Development Institute, Inc. dismissed Ricardo Campbell from its vocational nursing program. Campbell brought a writ petition under section 1094.5 of the Code of Civil Procedure. The trial court denied the petition because the

Institute's own policies did not require it to hold a hearing. Since this ruling, the Supreme Court issued its landmark decision about the doctrine of fair procedure. (*Boermeester v. Carry* (2023) 15 Cal.5th 72 (*Boermeester*).) We vacate and remand for the trial court to determine whether the doctrine of fair procedure applies and if so, whether it required the Institute to offer Campbell additional procedure. Undesignated statutory citations are to the Code of Civil Procedure.

I

The Institute's student handbook and school catalog outline student discipline procedures. The handbook describes grounds for discipline and states students may appeal dismissals. The catalog describes appeal procedures. These procedures do not require a hearing or some other opportunity for students to be heard before the Institute dismisses them.

On September 29, 2020, the Institute's director of nursing wrote a two-page letter saying the Institute was dismissing Campbell. The letter recounted an incident at Campbell's clinical placement from earlier that day. Three nurses said Campbell was rude. Campbell said he had merely tripped on a nurse's foot. Campbell reported the incident to Human Resources at the clinic. The letter said the Institute requires students to report problems to their instructors, not to staff at clinics. Campbell's actions "placed the school's continuation with that facility at risk. . . . [T]he decision has been made that Ricardo Campbell will be dismissed . . . effective immediately."

The Institute tells us this was not the first problem it had with Campbell. Its appellate brief describes issues between the Institute and Campbell predating the September 29, 2020

incident.  The dismissal letter giving the basis for the dismissal, however, did not mention these earlier issues.

On September 30, 2020, Campbell emailed the Institute his account of what had happened on September 29, 2020.

The director of nursing wrote another letter on October 9, 2020 stating, "we have determined that you will no longer be able to continue" at the Institute.

Campbell filed an internal appeal of the dismissal on November 2, 2020.  The Institute contends this appeal was untimely.  The record does not contain evidence about how the Institute processed this appeal, but the parties agree the Institute upheld the dismissal.

Campbell brought a writ petition challenging his dismissal.

The trial court heard oral argument and later issued a written ruling denying the petition without reaching the merits.

During argument, the trial court told Campbell's counsel, "I agree with you that if I get to the merits, then you prevail" because Campbell had the right to notice and an opportunity to be heard.  The court found it could not get to the merits, though, because "there is no requirement that a hearing be held.  The rules don't require that."

In its written ruling, the court explained that, because the Institute was not a state actor and because Campbell did not argue a statute required the Institute to provide hearings, the Institute could be subject to administrative mandamus only if its own rules and regulations required hearings.  The court found that the Institute's procedures did not require it to provide hearings.  Common law fair hearing requirements did not apply "because [the Institute] provides no right to its students for a

3

hearing prior to discipline." The court concluded Campbell therefore was not entitled to relief under section 1094.5.

## II

We remand for the trial court to consider whether the doctrine of fair procedure applies and, if so, whether Campbell was entitled to more process under this doctrine. These questions do not turn solely on whether the Institute's rules provided a hearing. If the court finds Campbell was entitled to a hearing, it must address the merits of his petition.

Under section 1094.5, subdivision (a), the court may issue a writ to "inquir[e] into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given . . . ."

In its recent *Boermeester* decision, the California Supreme Court, for the first time, applied this section to a private university's disciplinary decisions. (*Boermeester*, *supra*, 15 Cal.5th at p. 86.) The high court had not decided this case when the trial court made its ruling.

*Boermeester* details the common law doctrine of fair procedure. The doctrine applies when exclusion from membership deprives a person of substantial educational, financial, and professional advantages. (*Boermeester*, *supra*, 15 Cal.5th at p. 88.) It does not require people to show they will be completely unable to practice their chosen profession absent membership. (*Ibid.*) A student's interest in completing a postsecondary education at a private university is analogous to a person's interest in continuing membership in a private organization that affects the person's ability to practice a chosen profession. (*Id.* at p. 89.) The Supreme Court held that the

4

doctrine applied when the University of Southern California expelled a student. (*Id.* at p. 86.)

*Boermeester* also explains what the doctrine requires. "Among other things, this doctrine, when applicable, requires a private organization to comply with its own procedural rules governing the expulsion of individuals from the organization, *and it permits courts to evaluate the basic fairness of those procedural rules* when the organization seeks to exclude or expel an individual from its membership." (*Boermeester*, *supra*, 15 Cal.5th at p. 86, italics added.) "Where it applies, the common law doctrine of fair procedure requires private organizations to provide adequate notice of the charges and a meaningful opportunity to be heard." (*Id.* at p. 90.)

In *Boermeester*, the Supreme Court ultimately held that the University, which provided evidentiary hearings before expelling students, was not required to give students the opportunity to cross-examine witnesses at a live-witness hearing. (*Boermeester*, *supra*, 15 Cal.5th at pp. 80–81 & 92.) Because the University had provided some kind of a hearing, the Supreme Court "d[id] not opine on whether and under what circumstances a private university might properly choose to refrain from providing an accused student with a hearing that gives the accused student the opportunity to respond to the evidence before the [U]niversity's adjudicators." (*Id.* at p. 96.)

We remand for the trial court to determine in the first instance whether the fair procedure doctrine applies to the Institute's dismissal of Campbell. If the doctrine applies, the court must determine whether it required the Institute to hold a hearing, and whether the Institute in effect did provide a sufficient hearing.

5

On remand, the trial court also is free to consider the persuasive value, if any, of a new tentative advisory publication by the American Law Institute (ALI). The ALI recently has articulated "Minimal Due Process Standards" for certain kinds of cases. (ALI, Principles of the Law, Student Sexual Misconduct: Procedural Frameworks for Colleges & Universities (Tent. Draft No. 1, Apr. 2022) § 6.1, p. 167.) "Colleges and universities, whether public or private, should not subject their students to formal discipline without procedures meeting the minimal standards of the Due Process Clause, which include providing:

> (a) notice of their alleged wrongful conduct, and
> (b) an opportunity to respond to and counter the allegations against them in a fair proceeding
> (c) before a neutral decisionmaker." (*Ibid.*)

## DISPOSITION

We vacate the judgment and remand for further proceedings. On remand, the trial court may allow or order the parties to submit additional records of the proceedings, which could include affidavits from Campbell and the Institute about the procedures the Institute followed. (See § 1094.5, subd. (a); *Malott v. Summerland Sanitary Dist.* (2020) 55 Cal.App.5th 1102, 1111.) The parties shall bear their own costs on appeal.


WILEY, J.

We concur:


STRATTON, P. J.          VIRAMONTES, J.

6